UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENARD T. POLK,

                                        Petitioner,

    v.

JOHN HENLEY,

                                        Respondent.

Case No. 3:26-cv-00311-ART-CSD

DISMISSAL ORDER

*Pro se* Petitioner Renard T. Polk has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition").) After reviewing Polk's Financial Certificate (ECF No. 4), the Court denied Polk's motion for leave to proceed *in forma pauperis* and instructed Polk to pay the $5 filing fee. (ECF No. 5.) Polk timely complied. (ECF No. 6.) As such, this matter comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases.[1]

In his Petition, Polk argues that "the manner, location and conditions under which [he] is being held, confined and has been sentenced are being imposed, executed and enforced in violation and contravention of the U.S. Constitution's . . . ban on, forbiddance from and prohibition against" the following: "double jeopardy, the absolute denial of [jury or bench] trial[,] the appointment of counsel," "unlawful suspension of the writ, unlawful bills of attainder or pains and penalties (ex post facto laws) and impairing contractual obligations." (ECF No. 1-1 at 6.) Polk requests that the Court "immutably and unconditionally discharge[ him,] expunging or otherwise nullifying the false allegations and charges pursuant to the March 12, 1999 date inconsistent with

---

[1] The Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. (Rule 1(b) of the Rules Governing Section 2254.)

1

the jury's verdict." (*Id.* at 7.)

A 28 U.S.C. § 2241 petition is the appropriate vehicle for a petitioner who wishes to challenge the execution of his sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."). However, Polk does not appear to be challenging the execution of his sentence. Rather, it appears that Polk is attempting to challenge his judgment of conviction, which must be done under 28 U.S.C. § 2254. Notably, Polk already has a pending 28 U.S.C. § 2254 petition before the Court in case number 3:24-cv-00081-ART-CLB. Accordingly, the Court dismisses the Petition for failure to state claims for which relief may be granted.

It is therefore ordered that the Petition [ECF No. 1-1] is dismissed. A Certificate of Appealability is denied because reasonable jurists would not find the Court's dismissal of the Petition to be debatable or wrong.

It is further kindly ordered that the Clerk of the Court enter judgment and close this case.

DATED THIS 26th day of May, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE