UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENARD T. POLK,

Petitioner,

v.

JOHN HENLEY,

Respondent.

Case No. 3:26-cv-00311-ART-CSD

ORDER DENYING
POST-JUDGMENT MOTION

*Pro se* Petitioner Renard T. Polk filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition").) The Court dismissed the Petition based on Polk's failure to state claims for which relief may be granted and denied a Certificate of Appealability. (ECF No. 7.) Judgment was entered. (ECF No. 8.) Polk filed an appeal and a motion to alter or amend the judgment. (ECF Nos. 9, 11.) For the reasons discussed below, the Court denies Polk's post-judgment motion.

## I.    JURISDICTION

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure . . . the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:" motion for judgment under Rule 50(b), motion to amend or make new factual findings under Rule 52, motion for attorney's fees under Rule 54, motion to alter or amend judgment under Rule 59, motion for a new trial under Rule 59, and motion for relief under Rule 60.

1

Fed. R. App. P. 4(a)(4)(A)(i-vi).

Because Polk's motion has been filed under Federal Rules of Civil Procedure 59(e) and 60, Polk's appeal does not divest the Court of jurisdiction to consider the motion. *See Miller v. Marriott Int'l, Inc.,* 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under Rule 4(a)(4)(A), the . . . Rule 60(b) motions prevented the . . . notices of appeal from becoming effective until the district court rules on the merits of those motions."); *United Nat. Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1109 (9th Cir. 2001) (indicating that ordinarily notice of appeal becomes effective when the district court rules on a motion for reconsideration).

## II.   LEGAL STANDARDS

### A.   Motion to Alter or Amend a Judgment

Federal Rule of Civil Procedure 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan,* 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson,* 822 F.3d 482, 491–92 (9th Cir. 2016).

### B.   Motion for Reconsideration

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment or order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

## II.    DISCUSSION

In his Petition, Polk argued that "the manner, location and conditions under which [he] is being held, confined and has been sentenced are being imposed, executed and enforced in violation and contravention of the U.S. Constitution's . . . ban on, forbiddance from and prohibition against" the following: "double jeopardy, the absolute denial of [jury or bench] trial[,] the appointment of counsel," "unlawful suspension of the writ, unlawful bills of attainder or pains and penalties (ex post facto laws) and impairing contractual obligations." (ECF No. 1-1 at 6.) Polk requested that the Court "immutably and unconditionally discharge [him,] expunging or otherwise nullifying the false allegations and charges pursuant to the March 12, 1999 date inconsistent with the jury's verdict." (*Id.* at 7.)

The Court dismissed the Petition for failure to state claims for which relief may be granted. (ECF No. 7.) The Court held that while a 28 U.S.C. § 2241 petition is the appropriate vehicle for a petitioner who wishes to challenge the execution of his sentence, Polk was challenging his judgment of conviction, which must be done, if at all, under 28 U.S.C. § 2254. (*Id.*) The Court then noted that Polk already had a pending 28 U.S.C. § 2254 petition before the Court, so Polk could bring the claims in his Petition within that action. (*Id.*)

Polk argues that the Court failed to provide proper notice to him before dismissing his Petition and improperly recharacterized his Petition. (ECF No. 11 at 3.) First, the Court is permitted to raise procedural issues sua sponte and dismiss petitions that suffer from procedural defects. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases); *Boyd v. Thompson*, 147 F.3d

1124, 1128 (9th Cir. 1998). Second, the Court did not recharacterize Polk's Petition. Rather, it held that he failed to state a claim under 28 U.S.C. § 2241 but noted that he could bring his claims within his § 2254 petition. Accordingly, the Court finds that Polk is not entitled to relief under Federal Rules of Civil Procedure 59(e) or 60.

## II.    CONCLUSION

It is therefore ordered that the motion (ECF No. 11) is denied.

It is further ordered that, to the extent it is necessary, a Certificate of Appealability is denied.

DATED THIS 9th day of July 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE